UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-24843-CIV-ALTONAGA/Goodman

**MARIA SAENZ ALVARADO**,

      Plaintiff,
v.

**ANDREW M. SAUL**,
*Commissioner of the Social*
*Security Administration*,

      Defendant.
_____/

## ORDER

On November 22, 2019, Plaintiff, Maria Saenz Alvarado, filed a Complaint [ECF No. 1] seeking review of Defendant, Andrew M. Saul, Commissioner of the Social Security Administration's decision discontinuing her disability benefits under the Social Security Act. (*See generally id.*). The case was referred to Magistrate Judge Jonathan Goodman for a report and recommendation on dispositive matters. (*See* [ECF Nos. 2, 5]).

Thereafter, Plaintiff filed a Motion for Summary Judgment [ECF No. 16], and Defendant filed a competing Motion for Summary Judgment [ECF No. 21], which also served as his opposition response to Plaintiff's Motion [ECF No. 22]. On January 5, 2021, Judge Goodman entered his Report and Recommendations on Summary Judgment Motions [ECF No. 23], recommending the Court deny Plaintiff's Motion, grant Defendant's Motion, and enter final judgment in favor of Defendant. (*See id.* 1–2, 14).

When a magistrate judge's findings or recommendations have been objected to, district courts must review the findings or recommendations *de novo*. *See* Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error

on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 addition (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed — not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[] [judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (alterations added)).

The Report advised the parties they had 14 days to file objections. (*See* Report 14). Neither party has filed objections, nor have they requested an extension of time to do so. Thus, the Court reviews the Report for clear error.

The Report summarizes Plaintiff's background and the procedural background of this case; acknowledges the standard of review in an appeal of an adverse benefits decision; lays out the five-step analysis required by 20 C.F.R. sections 416.920(a) and 404.1520 for a disability determination; describes the findings of the Administrative Law Judge ("ALJ") at each step; and carefully considers and evaluates Plaintiff's arguments that the ALJ (1) failed to properly assess Plaintiff's subjective allegations of disabling pain and resulting limitations, and (2) improperly discounted the opinion of the treating psychiatrist. (*See generally* Report).

The Magistrate Judge correctly concludes neither of Plaintiff's arguments is persuasive. (*See id.* 7–14). First, there was substantial evidence to support the ALJ's determination that Plaintiff's subjective allegations of pain and limitations were inconsistent with her daily activities and the objective medical records. (*See id.* 7–10). The ALJ considered the medical records and information about Plaintiff's activities in depth, concluding that the evidence did not support the level of symptom intensity that Plaintiff alleged. (*See id.*). Second, the ALJ provided good cause

for discounting the treating psychiatrist's opinion by stating that the opinion was inconsistent with and unsupported by his own treatment notes. (*See id.* 10–14).

The undersigned fully agrees with the analysis and recommendations in Judge Goodman's Report. Accordingly, it is **ORDERED AND ADJUDGED** that

1. The Report and Recommendations on Summary Judgment Motions **[ECF No. 23]** are **ADOPTED**.

2. Plaintiff's Motion for Summary Judgment **[ECF No. 16]** is **DENIED**, and Defendant's Motion for Summary Judgment **[ECF No. 21]** is **GRANTED**. Final summary judgment shall be entered separately.

3. The Clerk of the Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 25th day of January, 2021.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   Magistrate Judge Jonathan Goodman;
      counsel of record